**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 96-4356

GEORGE BLAKELY THOMAS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CR-95-6-V)

Submitted: July 24, 1997

Decided: August 4, 1997

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

McArthur D. Mitchell, Charlotte, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, H. Thomas Church, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

George Blakely Thomas appeals from his conviction and sentence for conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C.A. §§ 841, 846 (West 1981 & Supp. 1997). Thomas' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing three issues, but contending that there are no meritorious issues for appeal. Thomas was notified of his right to file an additional brief, but has not done so. We affirm.

Thomas contends that his conviction is invalid because an investigator with the Catawba County Sheriff's Department told him that if he cooperated with law enforcement, he would not be indicted for past or future drug activity. However, Thomas entered a voluntary guilty plea and therefore may not attack antecedent non-jurisdictional errors. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Next, Thomas argues that narcotic buys and sales after October 21, 1994, should not be included in the amount of drugs attributed to him for sentencing purposes because after that date he cooperated with the authorities and made controlled narcotic buys. However, during his sentencing hearing, Thomas admitted to purchasing crack cocaine after October 1994 without the knowledge of law enforcement officials. Moreover, Thomas stipulated in his plea agreement that 1.5 kilograms of crack was known to or reasonably foreseeable by him and the district court used this quantity in calculating Thomas' sentence. Finally, Thomas claims that his conviction violates the prohibition against double jeopardy because at the time he was arrested, the police seized $1,808 from him. This claim is meritless. Cf. United States v. Ursery, ___ U.S. ___, #6D 6D6D#, 64 U.S.L.W. 4565, 4572 (U.S. June 24, 1996) (No. 95-345) (civil in rem forfeiture following conviction does not constitute double jeopardy).

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed,

2

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3